Gary WATSON, Plaintiff Below,
Appellant,

v.

STATE of Delaware, Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted on Briefs Sept. 16, 1980.

Decided Oct. 7, 1980.

Gary Watson, pro se.

John A. Parkins, Jr., Deputy Atty. Gen., Wilmington, for defendant below, appellee.

Before HERRMANN, C. J., and McNEILLY and QUILLEN, JJ.

PER CURIAM:

The appellant, who is serving Delaware sentences, filed a petition challenging the legality of his transfer to the federal penitentiary at Leavenworth, Kansas. The Su-perior Court dismissed the petition. We affirm.

The appellant asserts no provision of Delaware law conditioning the authority of the Delaware Department of Corrections to effect his transfer pursuant to a contract with the federal authorities. Rather, he relies exclusively on federal law as the basis for the rights he asserts herein. Specifically, the appellant claims that pursuant to 18 U.S.C. § 5003(a) he could not be transferred to the federal penitentiary unless he was in need of some form of specialized treatment available only at the federal facility. He further claims these conditions were not met because he was not in need of specialized treatment and was transferred solely to relieve overcrowding at the Delaware Correctional Center. Secondly, the appellant argues that since § 5003 thus created an expectation that he would not be transferred absent a showing that the asserted statutory prerequisites had been met, the failure of the State to afford him a pre-transfer hearing in which his need for specialized treatment could be determined denied him due process of law as guaranteed by the United States Constitution.

The construction of § 5003 asserted herein has been considered by various federal courts with conflicting results. In *Lono v. Fenton*, 7th Cir., 581 F.2d 645 (1978), a sharply divided court accepted this construction. However, the "specialized treatment" construction has more recently been rejected by other federal courts. *E. g., Sisbarro v. Warden*, 1st Cir., 592 F.2d 1 (1979), *cert. denied*, 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979), and *Fletcher v. Warden*, D.Kan., 467 F.Supp. 777 (1979). We agree with the holdings in these latter cases, *i. e.*, that transfers pursuant to contracts under § 5003 are not conditioned on a pre-transfer showing of the transferee's need for specialized treatment. This conclusion also disposes of the appellant's due process contentions.

Our decision is supported not only by the case law cited above but also by a decision of the federal district court at the appellant's place of incarceration. The appellant

had filed a civil action in that court raising the very same claims as are at issue herein. Subsequent to the Superior Court's dismissal of the instant petition, the federal court ruled that the appellant's due process rights had not been violated because § 5003 does not require a showing that the transferee be in need of specialized treatment. *Watson v. Bell*, D.Kan., No. 79–3171 (memorandum and order dated September 4, 1979). Consequently, the federal court dismissed that action and denied all relief. Given that the rights asserted by the appellant in this case and in the federal action in Kansas arise exclusively (if at all) under federal law, we are persuaded to defer to the judgment of the federal district court as to such federal law issues.

AFFIRMED.